IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-01518-CBS

BRYENT LIONEL ROWE,

        Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1]

        Defendant.

---

# MEMORANDUM OPINION AND ORDER

---

Magistrate Judge Craig B. Shaffer

    This action comes before the court pursuant to Title II of the Social Security Act ("Act"), 42 U.S.C. § 405(g), for review of the Commissioner of Social Security (the "Commissioner" or "Defendant")'s final decision denying Bryent Lionel Rowe's ("Plaintiff") application for Disability Insurance Benefits ("DIB").[2] Plaintiff filed the Complaint on June 20, 2016 (doc. 1), and the case was assigned to District Judge Robert E. Blackburn. On August 29, 2016, the parties consented to magistrate jurisdiction pursuant to 28 U.S.C. § 626. Doc. 12. On November 4, 2016, the case was reassigned to this Magistrate Judge. Doc. 19. The court has carefully considered the Complaint, Plaintiff's Opening Brief (filed September 29, 2016) (doc. 14),

---

[1] Plaintiff sued Carolyn W. Colvin in her capacity as then-acting Commissioner of Social Security. The court takes judicial notice that on January 20, 2017, Nancy A. Berryhill became the Acting Commissioner of Social Security. In accordance with Federal Rule of Civil Procedure 25(d), Ms. Berryhill is substituted for Carolyn W. Colvin as the Defendant in this action.

[2] Some of Plaintiff's filings assert that he applied for both DIB and Supplemental Security Income ("SSI") in the underlying case. Based on the briefs and the decisions below, the court assumes that this case regards only DIB. However, the court's analysis would remain the same regardless of whether Plaintiff applied for only DIB or both DIB and SSI.

1

Defendant's Response Brief (filed October 20, 2016) (doc. 17), Plaintiff's Reply (filed November 4, 2016) (doc. 18), the entire case file, the Social Security administrative record ("AR," doc. 10), and the applicable law. Oral argument would not assist the court. For the following reasons, the court reverses and remands the Commissioner's decision.

## SOCIAL SECURITY LAW AND STANDARD OF REVIEW

To be entitled to DIB, the claimant must be disabled.

> A person is disabled within the meaning of the Social Security Act only if his physical and/or mental impairments preclude him from performing both his previous work and any other "substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2). "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination." …. However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act. To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months.

*Wilson v. Astrue,* No. 10-cv-00675-REB, 2011 WL 97234, at *1 (D. Colo. Jan. 12, 2011) (quoting *Campbell v. Bowen,* 822 F.2d 1518, 1521 (10th Cir. 1987)).

The Commissioner's regulations define a five-step process for determining whether a claimant is disabled:

> 1. The ALJ [(administrative law judge)] must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.
>
> 2. The ALJ must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.
>
> 3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.

4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform her past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity ["RFC"].

*Wilson,* 2011 WL 97234, at *2 (citing 20 C.F.R. § 404.1520(b)-(f); *Williams v. Bowen*, 844 F.2d 748, 750–51 (10th Cir. 1988)). After the third step, the ALJ is required to assess the claimant's RFC. 20 C.F.R. § 404.1520(e). The claimant has the burden of proof in steps one through four. The Commissioner bears the burden of proof at step five. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

In reviewing the Commissioner's final decision,

> [o]ur review is limited to determining whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It is more than a scintilla, but less than a preponderance.

*Lee v. Berryhill,* No. 16-5163, – F. App'x –, 2017 WL 2297392, at *1 (10th Cir. May 25, 2017) (internal quotation marks and citations omitted, citing *inter alia Knight ex rel. P.K. v. Colvin*, 756 F.3d 1171, 1175 (10th Cir. 2014)). *See also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive").

Accordingly, the court may not reverse an ALJ because the court may have reached a different result based on the record; the question is instead whether there is substantial evidence showing that the ALJ was justified in his or her decision. *See Ellison v. Sullivan,* 929 F.2d 534,

536 (10th Cir. 1990). "We review only the sufficiency of the evidence, not its weight .... Although the evidence may also have supported contrary findings, we may not displace the agency's choice between two fairly conflicting views." *Lee,* 2017 WL 2297392, at *2. Nevertheless, "[e]vidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan,* 966 F.2d 1371, 1374 (10th Cir. 1992) (internal citation omitted). In addition, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan,* 987 F.2d 1482, 1487 (10th Cir. 1993) (internal citation omitted).

**BACKGROUND**

On June 6, 2013, through his attorney, Plaintiff applied for DIB under Title II of the Social Security Act. AR at 233 (disability report June 12, 2013). From October 1998 until at least February 2013, Plaintiff was an equipment operator specialist at the Denver International Airport. *Id.* at 239. After an extended absence from work due to a knee injury, Plaintiff underwent a medical evaluation and obtained a medical waiver to maintain his commercial driver license ("CDL") despite taking insulin. *See, e.g., Id.* at 246. Although the waiver sufficed for purposes of maintaining his CDL, Denver International Airport was "not accepting medical waivers." *Id.* After an unsuccessful attempt to identify another job to reassign Plaintiff, the airport terminated Plaintiff's employment due to "disqualification." *Id.* at 244 (July 24, 2013 separation letter, terminating Plaintiff's employment effective August 1, 2013).

In his initial application for DIB, Plaintiff claimed disability based on several conditions, including arthritis, osteoarthritis, a heart condition, high blood pressure, diabetes, gout, a back condition, herniated disc, pinched nerve, and nerve root compression. AR at 237. Later, Plaintiff also alleged other severe impairments from post-traumatic stress disorder (PTSD) and

depression. After his application was initially denied, Plaintiff requested a hearing by an ALJ. The case was assigned to ALJ Jennifer A. Simmons. The ALJ held an evidentiary hearing on October 30, 2014. AR at 31-98 (transcript). Plaintiff was represented by counsel and testified at the hearing. Plaintiff's aunt, Marva Newell, and a vocational expert ("VE"), Beth Cunningham, also testified at the hearing. The hearing lasted less than one hour. *Id.* at 33, 97.

Pursuant to the Commissioner's five-step process, the ALJ found that Plaintiff has "severe impairments: obesity, type II diabetes mellitus, knees, bilateral Achilles tendonitis, plantar fasciitis, sensorineural hearing loss, lumbar degenerative disk disease, and a history of deep venous thrombosis on anticoagulation (20 CFR 404.1520(c))." *Id.* at 15 (decision of February 9, 2015). The ALJ found that several other of Plaintiff's conditions (hypertension, gout, PTSD, depression, and headaches) were not severe enough to significantly affect Plaintiff's ability to work. *Id.* at 15-17. The ALJ found Plaintiff's RFC

> to perform light work as defined in 20 CFR 404.1567(b) which requires lifting, carrying, pushing, and/or pulling 10 pounds frequently and 20 pounds occasionally; standing and/or walking for about six hours in an eight-hour workday, and sitting for about six hours in an eight-hour workday. The claimant can occasionally climb ramps and stairs and occasionally stoop, crouch, crawl, and kneel. The claimant can never climb ladders, ropes, or scaffolds. He cannot have concentrated exposure to hazardous heights, and he can occasionally work on uneven surfaces. The claimant can tolerate moderate noise level.

*Id.* at 18. In support of that RFC, the ALJ summarized Plaintiff's medical conditions, treatments and history. *Id.* at 18-23. The ALJ noted for instance that Plaintiff alleged a major flare-up of several conditions (including gout) in March and April 2014. The ALJ mentioned the testimony from Plaintiff and his aunt but gave little weight to either. The ALJ also recognized that as of late August 2014, the VA rated Plaintiff at 80% disability, but found that those ratings were entitled to little weight because they "do not provide any useful guidance about the claimant's physical

abilities or limitations" and do not indicate whether a physician, other medical source, or non-medical examiner assigned those ratings. AR at 22.

As to medical opinions, the ALJ gave little weight to the July 2014 opinion of Plaintiff's primary care physician, Dr. John Redington, that Plaintiff is totally disabled from physical labor, prolonged sitting, and prolonged standing. *Id.* at 21. Dr. Redington's opinion appears to be the only treating or examining doctor's opinion in the record. The ALJ instead gave greatest weight to the June 2014 and October 2014 opinions of an SSA reviewing physician, Dr. Stuart Lerman, who concluded that Plaintiff "can perform light exertion work but that he is limited to standing and/or walking for four hours." *Id*. at 21-22. The ALJ noted that Dr. Lerman did not examine Plaintiff.

Based on the VE's testimony, the ALJ found that Plaintiff cannot perform his former work but that he can perform a significant number of other jobs that exist in the national or regional economy. On that basis, the ALJ found Plaintiff was not disabled. *Id.* at 24. Plaintiff requested review by the Appeals Council; his appeal was denied on May 23, 2016. *Id.* at 1-5.[3] The decision of the ALJ then became the final decision of the Commissioner. 42 U.S.C. § 405(g). Plaintiff timely filed this action. Doc. 1. As the "district court of the United States for the judicial district in which the plaintiff resides," this court has jurisdiction. 42 U.S.C. § 405(g).

## ANALYSIS

Plaintiff raises several arguments on appeal. One of those arguments – that the ALJ erred in evaluating Dr. Redington's opinion – is sufficient on its own to warrant reversal. Therefore, the court declines to address the others as they may be impacted on remand. *See Watkins v.*

---

[3] The Appeals Council reviewed the existing record and additional medical records that Plaintiff submitted.. The Appeals Council found that because the records regarded treatment post-dating the ALJ's decision, those records did not affect Plaintiff's application. AR at 2. Before this court, Plaintiff does not appear to rely on any of the records that post-date the ALJ's decision.

6

*Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the [administrative law judge's] treatment of the case on remand.").

More specifically, Plaintiff argues that the ALJ erred in not giving weight to the opinion of Plaintiff's treating physician at the VA, Dr. John Redington, M.D. That opinion reads as follows.

> Mr Bryent Rowe has been followed for multiple medical problems by Orthopedics, Podiatry and Internal Medicine. He has multiple orthopedic issues including chronic tendinopathy of the distal Achilles tendons; partial tear of the right patellar tendon; osteoarthritis of both knees; history of acl repair and right knee menicus [sic] tear; chronic low back and sciatic pain with degenerative changes at L5-Sl requiring facet/medial branch nerve block injections. His medical problems include Diabetes; multiple deep venous blood clots now on chronic life-long anticoagulation; hypertension and hearing loss. [H]e should be considered totally disabled for employment that requires physical labor or prolonged sitting or standing.

AR at 666 (dated as of July 21, 2014). The ALJ found this opinion was vague and on that basis not entitled to significant weight.

> On July 21, 2014, Dr. John Redington, the claimant's primary care physician, stated that the claimant should be considered totally disabled for employment that requires physical labor or prolonged sitting or standing (Exhibits 7F and 11F). The undersigned considered Dr. Redington's opinion but does not give it significant weight. Dr. Redington did not identify any specific parameters for the claimant's ability to lift, carry, sit, stand, or walk. Dr. Redington's assessment is vague because he did not explain what he meant by "physical labor" or "prolonged sitting or standing." The undersigned agrees that the claimant is limited in his ability to perform physical activities such as lifting, carrying, sitting, standing, or walking; however, Dr. Redington's assessment does not provide useful guidance for determining the claimant's function-by-function residual work capacity.

AR at 21.

The Commissioner does not dispute that Dr. Redington was a treating physician who gave a medical opinion. 20 C.F.R. § 404.1527(a)(1), (2).[4] Under that regulation, "[t]reating source medical opinions are . . . entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." *Watkins*, 350 F.3d at 1300 (quoting *Titles II and XVI: Giving Controlling Weight to Treating Source Medical Opinions,* SSR 96-2p, 1996 WL 374188).[5] More specifically, the Commissioner's regulation provides that "[i]f we find that a treating source's medical opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight." 20 C.F.R. § 404.1527(c)(2).

Thus, "[t]he initial determination the ALJ must make with respect to a treating physician's medical opinion is whether it is conclusive, i.e., is to be accorded controlling weight, on the matter to which it relates." *Krauser v. Astrue,* 638 F.3d 1324, 1330 (10th Cir. 2011).

> But finding … deficiencies to resolve the controlling-weight question against a claimant does not end the inquiry. Even if a treating opinion is not given controlling weight, it is still entitled to deference; at the second step in the analysis, the ALJ must make clear how much weight the opinion is being given (including whether it is being rejected outright) and give good reasons, tied to the factors specified in the cited regulations for this particular purpose, for the weight assigned. ... If this is not done, a remand is required.

---

[4] In January 2017, the Commissioner published final amendments to several rules, including new rules governing the evaluation of medical evidence and medical opinions in claims filed after March 27, 2017. See *Revisions to Rules Regarding the Evaluation of Medical Evidence,* 82 Fed. Reg. 5844 (SSA Jan. 18, 2017). § 404.1527 applies to claims filed before March 27, 2017 and therefore is the regulation applicable to this case.

[5] On March 27, 2017, the Commissioner rescinded SSR 96-2p as inconsistent with or duplicative of the new rules published in January 2017. 82 Fed. Reg. 15263 (SSA Mar. 27, 2017). Because SSR 96-2p was not yet rescinded at the time of the ALJ's decision, and the new rules do not apply here, the court considers SSR 96-2p good authority in this case.

*Krauser*, 638 F.3d at 1330 (citing *Watkins,* 350 F.3d at 1300–01). "In many cases, a treating source's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight." SSR 96-2p, 1996 WL 374188, at *4 (quoted with approval in *Krauser*, 638 F.3d at 1330).

The factors that § 404.1527 requires the ALJ to consider in determining the deference and weight to give to a treating source's medical opinion are:

> (1) the length of the treatment relationship and the frequency of the examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Watkins,* 350 F.3d at 1301 (internal quotation marks omitted). So long as the court can meaningfully review the bases for the ALJ's decision, and the decision reflects that the ALJ considered all of 20 C.F.R. § 404.1527's factors, the ALJ is not required to specifically discuss each of these factors in order to not give significant weight to a treating medical opinion. *Andersen v. Astrue*, 319 F. App'x 712, 718–20 (10th Cir. 2009); *see also Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007) (regulations do not require the ALJ to specifically discuss all of the factors).

In this case, the ALJ did not analyze Dr. Redington's opinion under § 404.1527. The ALJ instead found the opinion was "vague" and lacking "useful guidance" in failing to specify Plaintiff's limitations other than "physical labor" and "prolonged sitting or standing." On appeal, the Commissioner briefly attempts to defend this approach by citing 20 C.F.R. § 404.1545 –the regulation regarding assessment of a claimant's physical abilities to perform "certain physical

demands of work activity, such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping or crouching)." 20 C.F.R. § 404.1545(b). But 20 C.F.R. § 404.1527, not § 404.1545, governs the Commissioner's evaluation of medical opinions. § 404.1527 defines medical opinions as:

> statements from acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions.

20 C.F.R. § 404.1527(a)(1). The regulation does not require medical opinions to quantify the claimant's physical abilities using the terms of § 404.1545(b). Accordingly, the Commissioner's citation to § 404.1545 is not persuasive.

In the Tenth Circuit, it appears that an ALJ can reject a doctor's medical opinion as vague only where it does not "contain an assessment of the nature or severity of [the claimant's] physical limitations or any information about what type of activities he could perform." *Marshall v. Astrue,* 315 F. App'x 757, 760 (10th Cir. 2009). In contrast, where an ALJ found a treating medical opinion "vague and conclusive" but did not find the "opinion was not well-supported," and the court could not "ascertain how or why the ALJ found [the] … opinion 'vague and conclusive,'" the court found reversible error. *Robinson v. Barnhart,* 366 F.3d 1078, 1082–83 (10th Cir. 2004). In *Bainbridge v. Colvin*, 618 F. App'x 384 (10th Cir. 2015), the Tenth Circuit reviewed a decision in which the ALJ

> considered … [a treating doctor's medical] opinion "vague and conclusory" because it was "not based on a function-by-function analysis of what [the claimant] is capable of doing despite his impairments" and did not specify whether [he] was unable to perform his past work or any substantial gainful activity at all.

*Bainbridge,* 618 F. App'x at 390. The court did not address whether vagueness was a sufficient

basis for the ALJ's decision to give the medical opinion no weight. The court instead found no error because the rejected opinion conflicted with the opinions of three other doctors, and those opinions warranted greater weight under § 404.1527. *Id.*

Here, Dr. Redington gave a medical opinion stating his judgment regarding Plaintiff's several diagnosed conditions and regarding Plaintiff's restrictions as to "physical labor" and two physical demands of work activity: sitting and standing. AR at 666. While Dr. Redington's opinion could have been more detailed, it is not entirely vague and conclusive like the opinion in *Marshall*. Nor does the record suggest that Dr. Redington's opinion is an outlier, as was the case in *Bainbridge*. This case is more like *Robinson*, in which the ALJ did not articulate a good reason to reject a medical opinion as vague. The ALJ erred in not analyzing whether Dr. Redington's opinion warranted controlling or significant weight under 20 C.F.R. § 404.1527.

The Commissioner argues that the RFC is consistent with Dr. Redington's opinion and thus any error is harmless. This argument is not persuasive. In determining Plaintiff's RFC, the ALJ found that the Plaintiff could work "standing and/or walking for about six hours in an eight-hour workday, and sitting for about six hours in an eight-hour workday." AR at 18. However, the ALJ also recognized that in October 2014, Dr. Lerman opined that Plaintiff was "limited to standing and/or walking for four hours." *Id.* at 22. Even generously construing the decision as though the ALJ had incorporated Dr. Lerman's updated opinion in the RFC, the court can find no reasoned basis in the record to conclude that 4-6 hours per day of standing or walking – or 6 hours per day sitting – is not "prolonged" within the meaning of Dr. Redington's opinion.

The Commissioner argues that "prolonged" means "longer than usual or expected," citing Merriam-Webster, prolong, http://www.merriam-webster.com/dictionary/prolong. The Commissioner further argues that jobs are assumed to have breaks every two hours, and therefore

11

sitting or standing can only be considered "prolonged" after two hours without a break. Response at 11. This interpretation conflicts with the Commissioner's guidance in at least SSR 83-12:

> In some disability claims, the medical facts lead to an assessment of RFC which is compatible with the performance of either sedentary or light work except that the person must alternate periods of sitting and standing. The individual may be able to sit for a time, but must then get up and stand or walk for awhile before returning to sitting. Such an individual is not functionally capable of doing either *the prolonged sitting contemplated in the definition of sedentary work (and for the relatively few light jobs which are performed primarily in a seated position) or the prolonged standing or walking contemplated for most light work.* (Persons who can adjust to any need to vary sitting and standing by doing so at breaks, lunch periods, etc., would still be able to perform a defined range of work.)

SSR 83-12, 1983 WL 31253, at *4 (emphasis added; quoted with approval in *Tucker v. Berryhill*, No. cv 15-933 KK, 2017 WL 1179973, at *5–6 (D.N.M. Mar. 8, 2017)); *see also Whittington v. Berryhill,* No. Civ-16-14-JHP-SPS, 2017 WL 1133314, at *3–4 (E.D. Okla. Mar. 9, 2017), *rec. adopted,* 2017 WL 1133368 (E.D. Okla. Mar. 24, 2017). The Commissioner does not explain why she takes a view contrary to SSR 83-12 in her brief. It appears to not reflect a considered judgment on the question, but merely a convenient litigating position in this case. *See, e.g., Mitchell v. C.I.R.,* 775 F.3d 1243, 1249–50 (10th Cir. 2015) (citing *Christopher v. SmithKline Beecham Corp.,* 567 U.S. 142, 155 (2012)).

More importantly, in reviewing the ALJ's opinion, the court must avoid a "post hoc effort to salvage the ALJ's decision." *Robinson*, 366 F.3d at 1084-85 (internal quotation marks omitted). To do so would "overstep our institutional role and usurp essential functions committed in the first instance to the administrative process." *Id*. Rather, the court must evaluate the determination "based solely on the reasons stated in the decision." *Id*. It is well settled that when

the claimant asserts physical limitations on standing or sitting, the RFC must specify those limitations because

> "[a]n individual may need to alternate the required sitting of sedentary work by standing (and, possibly, walking) periodically.... The RFC assessment must be specific as to the frequency of the individual's need to alternate sitting and standing." … [P]recisely how long a claimant can sit without a change in position is also relevant to assumptions whether [s]he can perform light work.

*Whittington,* 2017 WL 1133314, at *3 (emphasis original; internal quotation marks omitted, citing SSR 96-9p, 1996 WL 374185, at *7 (July 2, 1996); *Vititoe v. Colvin*, 549 F. App'x 723, 731 (10th Cir. 2013); *Vail v. Barnhart*, 84 F. App'x 1, 4 (10th Cir. 2003); and 20 C.F.R. § 404.1567(b)). Here, the ALJ gave no reasoned basis for the court to conclude that the sitting and standing abilities in the RFC are consistent with Dr. Redington's opinion, and the court will not undertake a post hoc justification. Accordingly, the error in not giving weight to Dr. Redington's opinion was not harmless, and the court concludes that reversal and remand is required.

Finally, although the court does not resolve Plaintiff's other arguments on appeal, Plaintiff can raise those and any other issues on remand. 20 C.F.R. § 404.983 (on remand, "[a]ny issues relating to your claim may be considered by the administrative law judge").[6]

## CONCLUSION

For the reasons set forth above, the Commissioner's decision is REVERSED and REMANDED for further proceedings consistent with this opinion. Plaintiff is awarded his costs, to be taxed by the Clerk of Court pursuant to Fed. R. Civ. P. 54(d)(1).

---

[6] The parties may wish to make a clearer record on remand. Some of the hypotheticals confused the VE. AR at 93-95. Plaintiff also alleges a flare-up several months after his alleged onset date, and many of his answers are either unclear as to time period or appear cutoff by the questioner. In addition, the parties dispute whether Plaintiff needs to elevate his feet (a question that the court does not reach), but neither side cites the records that mention foot elevation. AR at 850 (June 19, 2014, Eric Hillmann, DPM, no mention of duration); *Id.* at 975-76 (June 18, 2007).

DATED at Denver, Colorado, this 6th day of July 2017.

BY THE COURT:

*s/Craig B. Shaffer*
United States Magistrate Judge